EASTERN DIST.
June, 1835.

HENSHAW
vs.
LADD.

---

### HENSHAW vs. LADD.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The law authorises the creditor to arrest his debtor and hold him to bail, when he is about to depart from the state, even for a short time, when he leaves no property behind. It is not sufficient, that he has settled and commenced permanent business in the state, to exempt him.

This is an action of debt, in which the plaintiff claims from the defendant the sum of two thousand and fifty-nine dollars thirty-seven cents, money lent to the latter, in New-York, on or about the 30th October, 1833. The defendant was held to bail. He took a rule on the plaintiff, to show cause why the bail should not be discharged, on his disproving the facts stated in the plaintiff's affidavit to obtain the order of bail.

The defendant showed that he had done business as a commission merchant, in the city of New-Orleans, two or three seasons; and had rented stores and houses, with a view to a permanent residence here; but that he left the state every summer, without leaving any property, and that his intentions were to leave again this summer.

The district judge was of opinion, the bail ought to be discharged, and made the rule absolute.

*Benjamin,* for the plaintiff and appellant, contended, that the evidence clearly showed the defendant was about to depart from the state, without leaving in it sufficient property to pay the plaintiff's demand.

2. A debtor may be arrested, though he may not intend permanently to absent himself from the state. An intention made known to depart, is sufficient. *Code of Practice, verbo arrest.*

*Smith, contra.*

*Martin, J.,* delivered the opinion of the court.

This is an appeal from an order discharging bail. The plaintiff and appellant complains of an order or judgment rendered by the District Court, making a rule absolute which had been taken against him, to show cause why an order of bail which he had obtained, should not be set aside, and the bail bond of the defendant cancelled.

The order of bail had been made on the usual affidavit of the plaintiff, that the defendant was about to depart from the state, without leaving sufficient property to discharge his claim. The excision of the order was sought, by an attempt to disprove the facts in the plaintiff's affidavit, on which it was obtained. For this purpose, the defendant introduced several witnesses, who testified that they had known him whilst living in Boston, where he came from, and since he came to New-Orleans, where he now resides, and has resided for some time ; that he has rented a store, a dwelling house for his family, and a pew in a church, and is now carrying on mercantile business ; and that his intentions are to establish himself in this city as a commission merchant, in which business he has been employed for some time past, and which is thriving.

These facts are not inconsistent with those sworn to by the plaintiff. A new comer generally absents himself from the state, during the sickly season ; and the law authorises a plaintiff to demand bail from a debtor, who is about to quit the state for a short time, when he leaves no property behind.

EASTERN DIST.
*June,* 1835.

HENSHAW
*vs.*
LADD.

The law authorises the creditor to arrest his debtor, and hold him to bail, when he is about to depart from the state, even for a short time, when he leaves no property behind. It is not sufficient that he has settled and commenced permanent business in the state, to exempt him.

65

EASTERN DIST. *June*, 1835.

This is the fact sworn to by the plaintiff, and not contradicted by the testimony.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed, and the rule discharged, the defendant and appellee paying the costs of this appeal.